UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | CASE NO. 5:12-CV-01249 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ATTORNEY GENERAL OF OHIO, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Kenneth Barbour filed this action against the Attorney General of the State of Ohio. He attests he is incarcerated in the Red Onion State Institution in Pound, Virginia.[1] He seeks $29,000,000.00, immediate release from prison, and "$50,000.00 in a suitcase 1 hour behind [sic] release." (Compl. [Doc. No. 1] at 2.)

## I. BACKGROUND

Plaintiff's complaint is unintelligible. In its entirety, it states:

> Plaintiff Kenneth Barbour certifies under imminent threat of the penalty for perjury that he was deprived of Judicial Labour and service via the Attorney General of Ohio absent Judicial service and Labour due to this Plaintiff via Consequence of Law United States Authority Regulated (Art. IV-2-3 U.S. Const.) in imminent threat of each Judicial State of Ohio function be protected via Ohio's Republican Formed Government which was absent in the Defendants official to individual capacity (Art. IV-4 U.S. Const.) to a intended claim unfiled in imminent on-going injury of U.S.D. Court under AKRON, OHIO 44308—see U.S.C. § 1915(g).

---

[1] The Offender Locator at the website for the Virginia Department of Corrections shows Mr. Barbour to be currently incarcerated at Wallens Ridge State Prison in Big Stone Gap, Virginia. The Clerk is instructed to serve Mr. Barbour at both institutions.

([sic]) (*Id.*) Although plaintiff cites to 28 U.S.C. § 1915(g)[2] and refers to imminent danger, this appears to be the only case he has filed in this federal court.

## II. STANDARD OF REVIEW

If a prisoner files a civil action seeking relief from a governmental entity, and the Court concludes that the complaint fails to state a claim upon which relief may be granted or that the prisoner seeks monetary relief from a defendant who is immune from such relief, the Court is expressly authorized to dismiss the civil action as soon as possible after docketing. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff and accept plaintiff's factual allegations as true. *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710 (6th Cir.

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2005). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. ANALYSIS

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "requir[e] . . . courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Plaintiff's complaint contains neither factual allegations nor legal claims upon which this Court's federal jurisdiction can be based. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against him and the defenses he might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally

construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

### IV. CONCLUSION

For all the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: October 19, 2012

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."